UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**VALLEY FORGE INSURANCE CO ET AL**  **CASE NO. 6:25-CV-00167**

**VERSUS**  **JUDGE JAMES D. CAIN, JR.**

**MAGNOLIA RIVER SERVICES INC ET AL**  **MAGISTRATE JUDGE DAVID J. AYO**

MEMORANDUM RULING

Before the court are a Motion to Dismiss or Motion to Stay [doc. 14] filed by defendant Magnolia River Services Inc. ("Magnolia") as well as a Motion to Dismiss or Motion to Stay [doc. 19] filed by defendant CenterPoint Energy Resources Corporation ("CERC") in response to the Complaint for Declaratory Judgment [doc. 1] filed by plaintiffs Valley Forge Insurance Company ("VFIC") and Continental Insurance Company ("CIC"). VFIC and CIC oppose the motions. Docs. 29, 30.

I.
BACKGROUND

This declaratory action seeks to determine coverage obligations of VFIC and CIC in connection with five consolidated lawsuits arising from a fire and explosion that occurred on July 29, 2021. On that date, according to CERC, contractors including Magnolia were working on a pipeline project for CERC when gas leaked from a service pipe damaged by directional boring equipment and caused an explosion at a nearby building. Doc. 19, att. 1, pp. 4–5. Five groups of plaintiffs filed suit, alleging that the negligence of defendants (including CERC and Magnolia) caused their damages. *Id.*; *see*

doc. 1, ¶ 19. Those suits are now consolidated and pending in the 16th Judicial District Court. *See* doc. 14, att. 3.

VFIC issued the VFIC CGL Policy to Magnolia for a one-year period beginning on April 1, 2021, with liability limits of $1,000,000 per occurrence. Doc. 1, ¶ 20. CIC issued the CIC Excess Policy to Magnolia River for the same period, with liability limits of $10,000,000 per incident over a retention amount of $10,000 for each claim. *Id.* at ¶ 21. For this period, Magnolia was also insured under an Architects and Engineers Professional Liability Policy issued by Evanston Insurance Company ("Evanston") with liability limits of $5,000,000 per claim and an Excess Professional Liability Policy issued by RSUI Insurance Company with liability limits of $5,000,000 per claim. *Id.* at ¶¶ 22–23.

In relation to the suits arising from the July 2021 explosion, Magnolia sought defense from both VFIC and Evanston. *Id.* at ¶ 22. Evanston retained counsel to represent Magnolia in the consolidated lawsuits. *Id.* at ¶ 24. VFIC and CIC issued a reservation of rights and VFIC agreed to participate in Magnolia's defense, subject to that reservation. *Id.* at ¶¶ 25–26. Meanwhile, CERC issued a demand to Magnolia and its insurers for defense and indemnity pursuant to CERC's contract with Magnolia. *Id.* at ¶ 27. VFIC and CIC then issued a reservation of rights to CERC and VFIC agreed to participate in its defense subject to that reservation. *Id.* at ¶¶ 28–29.

VFIC and CIC filed this declaratory action on February 11, 2025, seeking declarations that (1) insurance coverage for the claims asserted in the consolidated lawsuits is expressly excluded under the VFIC CGL Policy; (2) there is no coverage under the CIC Excess policy, which only affords coverage for losses covered by the VFIC CGL Policy;

(3) CERC is not covered as an additional insured under either policy; and (4) the contractual obligations in the CERC contract requiring Magnolia to indemnify and procure liability insurance covering the acts and omissions of CERC are null, void, and unenforceable. VFIC and CIC also seek a money judgment reimbursing them for the disputed defense fees and costs they have rendered in association with the consolidated lawsuits.

Magnolia and CERC now move to dismiss VFIC and CIC's claims or, in the alternative, stay them. Docs. 14, 19. They note that VFIC and CIC have both been sued directly by the plaintiffs in the consolidated lawsuits, via amended petition filed on January 30, 2025. Doc. 14, att. 2. On February 16, five days after this declaratory action was filed, Magnolia also sought leave to file a cross-claim seeking declaratory judgment on, *inter alia*, VIC's duty to defend and VFIC and CIC's requirement to contribute to the settlement of claims asserted against Magnolia River. Doc. 14, att. 3. Accordingly, they argue that the court should exercise its discretion under the *Brillhart-Wilton* abstention doctrine to let the issues raised in this matter proceed in state court. Docs. 14, 19. CERC also maintains that the Anti-Injunction Act precludes the court from considering VFIC and CIC's claims, and that the complaint is subject to dismissal for failure to join indispensable parties. Doc. 19, att. 1. VFIC and CIC oppose the motions, asserting that the *Colorado River* abstention doctrine, rather than *Brillhart-Wilton*, applies and when properly applied, demonstrates that abstention is inappropriate. In the alternative, they argue that application of *Brillhart-Wilton* also shows that the court should retain the action. Doc. 29.

# II.
# LAW & APPLICATION

## A. Abstention

### 1. Abstention Theories

At the outset, the court must determine which abstention theory applies to these motions. When a district court considers abstaining for exercising jurisdiction over a declaratory judgment action, it applies the standard derived from *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942). *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994). There the Court stated:

> Ordinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Id.* (quoting *Brillhart*, 316 U.S. at 495). Thus, "[c]onsistent with *Brillhart*, abstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute." *Id.*

Where, however, the action involves coercive relief, the district court must apply the narrower abstention standard set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). *New England Ins. Co. v. Barnett*, 561 F.3d 392, 394 (5th Cir. 2009); *see also Transocean Offshore USA, Inc. v. Catrette*, 239 F. App'x 9, 14 (5th Cir. 2007) (per curiam) (*Colorado River* abstention doctrine applies to declaratory action with claim for monetary damages). Under this standard, abstention is only appropriate in "exceptional circumstances." *New England Ins. Co.*, 561 F.3d at 394. In the

Fifth Circuit, *Colorado River* will apply to an action seeking declaratory and coercive relief unless (1) the claims for coercive relief are frivolous or (2) the claims for coercive relief were added as a means of defeating *Brillhart*. *Id.* at 396 (citing *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497, n. 4 (5th Cir. 2002)).

In addition to their requests for declaratory relief, VFIC and CIC seek reimbursement for $1.4 million allegedly paid by VFIC in disputed defense costs and fees. Doc. 1, ¶¶ 43–48. "Coercive relief is judicial relief, either legal or equitable, in the form of a personal command to the defendant that is enforceable by physical restraint." *O'Hara v. ACE Prop. & Cas. Ins. Co.*, 2023 WL 5005039, at *2 n. 1 (W.D. La. Jul. 20, 2023). It includes requests for both injunctive and monetary relief. *Id.* This claim is coercive in nature because it involves a request for monetary relief. There is no indication that this claim is frivolous. And other courts within this circuit, as well as the Fifth Circuit itself, have found such related requests for reimbursement or restitution properly move a declaratory action outside of *Brillhart-Wilton* consideration.[1] *See Am. Guar. & Liab. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250–51 (5th Cir. 2005); *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 539–40 (5th Cir. 2002); *BITCO Gen. Ins. Corp. v. Dash Bldg. Material Center, Inc.*, 2019 WL 1254891, at *2 (E.D. La. Mar. 19, 2019) (AFRICK, J.); *Scottsdale Ins. Co. v. A3M Co., Inc.*, 2008 WL 754693, at *2 (E.D. La. Mar. 19, 2008)

---

[1] CERC points to *Massachusetts Bay Insurance Company v. Lewis*, 2011 WL 1261145 (M.D. La. Mar. 31, 2011), and other cases following its holding within the next few years, in which the court determined that a request for reimbursement of defense costs "wholly related" to the central claim for declaratory relief did not amount to coercive relief. *Id.* at *5. But as the Eastern District observed, the Middle District relied in part on the fact that there was no accompanying claim for injunctive relief and did not look to whether the reimbursement claim could accurately be characterized as one for monetary relief. *BITCO Gen. Ins. Co.*, 2019 WL 1254891 at *3. In *Anco*, on the other hand, the Fifth Circuit affirmatively held that *Colorado River* abstention applied even if the plaintiff's restitution claim was "merely ancillary" to its claim for declaratory relief. 408 F.3d at 251 n. 15.

(VANCE, J.). "Because [the] complaint requests more than just declaratory relief, the Court must apply *Colorado River*." *BITCO Gen. Ins. Co.*, 2019 WL 1254891 at *3.

### 2. Application

Under the *Colorado River* doctrine, federal courts have a "virtually unflagging . . . obligation to exercise the jurisdiction given them." *Colo. River Water Conserv. Dist.*, 424 U.S. at 817. Thus, where there are concurrent state court proceedings, the federal court may abstain only "in 'extraordinary and narrow' circumstances[.]" *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999) (quoting *id.* at 813). The court must base its decision on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

The *Colorado River* doctrine has no application unless the state and federal proceedings are parallel—that is, involving the same parties and issues. *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 851 (5th Cir. 2009) (citing *RepublicBank Dallas, Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987)). If the proceedings are parallel, the court then looks to the following factors to determine if "exceptional circumstances" warrant justify abstention:

> 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 491–92 (5th Cir. 2006) (quoting *Kelly Inv.*, 315 F.3d at 497). These factors are not applied mechanically, but instead balanced on a case-by-case basis "with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* at 492 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

Plaintiffs first argue that the state and federal proceedings are not parallel because the insurers have not made a claim for reimbursement in the state court proceeding.[2] "If a court abstains under *Colorado River*, it by implication 'concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" *Admiral Ins. Co. v. Fusion Pacific, Inc.*, 2022 WL 3574172, at *4 (C.D. Cal. Jul. 22, 2022) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28). The Fifth Circuit has held that federal and state proceedings are not parallel where, *inter alia*, the state proceedings do not encompass the insurer's claim for restitution brought along with its federal declaratory action. *Anco Insulations, Inc.*, 408 F.3d at 251–52; *accord TDC Spec. Ins. Co. v. La. Healthcare Consultants, LLC*, 2023 WL 3092799, at *4 (E.D. La. Apr. 26, 2023). Thus, the actions are not parallel and the court "lack[s] discretion under *Colorado River* to stay [this case] in favor of the state suit." *Anco Insulations, Inc.*, 408 F.3d at 252.

---

[2] Plaintiffs also appear to suggest that the parties are not identical between the two proceedings. In the state court proceeding, only Magnolia filed a cross-claim against VFIC and CIC. However, CERC is already a party to that litigation and could still assert its own cross-claim (and in its reply, doc. 33 at p. 3, it indicates that it has done so). Because this issue could still be cured, the court will not consider it in determining whether the proceedings are parallel.

Even if the actions were sufficiently parallel, however, the balance of factors would weigh against abstention. The first factor is neutral because there is no *res* at issue. The second factor will only weigh in favor of abstention where the federal forum is greatly inconvenient. *E.g.*, *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988). Under this factor, the Fifth Circuit has recognized that courts located just 80 miles apart "are within the same geographic location for all practical purposes." *Aptim Corp. v. McCall*, 888 F.3d 129, 136–37 (5th Cir. 2018). So too for the state courthouse in Iberia Parish and the Lafayette Division courthouse of this district, which are fewer than 25 miles apart. In such cases, "the inconvenience factor weighs against abstention." *Stewart*, 438 F.3d at 492.

As for the "avoidance of piecemeal litigation" factor, the fact that this case does not have jurisdiction over a property and that the state court claims for declaratory relief can be heard in either forum eliminates such a danger. *See id.* (acknowledging potential for piecemeal litigation when state action involved breach of fiduciary duty claims not presented in federal lawsuit); *Evanston Ins. Co.*, 844 F.2d at 1192 (in parallel suits, no risk of piecemeal litigation absent jurisdiction of *res* or property). The only risk is of duplicative litigation, which is not a consideration in the court's abstention determination. *Evanston Ins. Co.*, 844 F.2d at 1192. This factor thus weighs against abstention.

The next factor looks to the order in which jurisdiction was acquired. "The inquiry under this factor is 'how much progress has been made in the two actions.'" *Stewart*, 438 F.3d at 487. When the two actions have proceeded "at approximately the same pace," this factor weighs against abstention. *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738–39 (5th

Cir. 1999). The state court litigation as a whole has undoubtedly advanced further than this suit. But as to the claims presented in this action, the progress in both state and federal court appears limited to the filing of a complaint/cross-claim. This factor also weighs against abstention.

The penultimate factor asks whether the case involves only questions of state law. "Nevertheless, 'the absence of a federal-law issue does not counsel in favor of abstention.'" *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 651 (5th Cir. 2000) (quoting *Evanston Ins. Co.*, 844 F.2d at 1193) (cleaned up). Instead, given the "exceptional circumstances" bar set under *Colorado River*, "the presence of state law issues weighs in favor of surrender only in rare circumstances." *Id.* Defendants fail to show that the bar is met in this matter.

Finally, the court considers the adequacy of state proceedings. This factor "is either a neutral one or one that weighs against abstention;" it cannot weigh in favor of abstention. *Id.* at 492. Plaintiffs argue that the factor weighs in favor of abstention because, as out-of-state insurers, they are at a disadvantage proceeding in state court and desire a neutral forum in federal court. The court finds that this factor is at best neutral. While the undersigned has no reason to doubt that plaintiffs will be afforded a fair trial in state court, they are also entitled to a federal forum under 28 U.S.C. § 1332 for the diversity jurisdiction established in their declaratory action.

### B. Motion to Stay

In the alternative, defendants have requested a stay of this matter. As another court of this circuit recently concluded, the *Colorado River* standard, supra, and not the more

flexible standard set forth in *Landis v. North American Co.*, 299 U.S. 248 (1936), through which a court may stay a matter under its inherent powers, "applies when a court is considering a motion to stay in favor of a state court proceeding when the state court proceeding will have a preclusive effect on any of the issues being considered by the federal court."[3] *Fishman Jackson PLLC v. Israely*, 180 F.Supp.3d 476, 481–82 (N.D. Tex. 2016); *accord Ferrari v. Francis*, 2024 WL 4773341, at *2 (N.D. Tex. Oct. 24, 2024). Because this court has concluded that dismissal is inappropriate under *Colorado River*, it likewise declines to stay the matter.

### C. Anti-Injunction Act

CERC also argues that the Anti-Injunction Act ("AIA") prevents this court from considering VFIC and CIC's complaint. The AIA provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. In analyzing whether to decide or dismiss a declaratory judgment suit, a federal court must consider (1) whether the action is justiciable; (2) whether the court has the authority to grant the declaratory relief; and (3) whether to exercise its discretion to dismiss the action. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). As to the second

---

[3] As the *Israely* court noted, a district court's inherent powers over its docket must be at least somewhat limited by the limits on abstention set forth in *Colorado River*. "To permit a district court to rely solely on its inherent power to control its docket, when the effect of the district court's order is to accomplish the same result contemplated by *Colorado River*, would allow a court to bypass the rigorous test set out by the Supreme Court." *Israely*, 180 F.Supp.3d at 486 (quoting *Cottrell v. Duke*, 737 F.3d 1238, 1249 (8th Cir. 2013)).

requirement, "the district court has no authority to consider a declaratory judgment action when: '(1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the proceedings under the Anti-Injunction Act.'" *Ins. Co. of the State of Penn. v. Sabre, Inc.*, 918 F.Supp.2d 596, 598–99 (N.D. Tex. 2013) (quoting *Sherwin-Williams Co.*, 343 F.3d at 388 n. 1) (cleaned up). "The absence of any of the three factors defeats mandatory abstention" and ends the court's inquiry under the AIA. *Evanston Ins. Co. v. Gabriel*, 2018 WL 2728039, at *3 (W.D. Tex. Jun. 6, 2018) (citing *Sealed v. Sealed*, 33 F.3d 1379 (5th Cir. 1994)). If mandatory abstention is ruled out, the court moves on to the discretionary stay analysis performed supra under *Brillhart* or *Colorado River*, depending on the type of relief sought. *Id.* at *5.

When determining if mandatory abstention applies, "filing sequence strictly matters." *Gulf Offshore Logistics, LLC v. Norris*, 2016 WL 7097383, at *6 (E.D. La. Dec. 5, 2016) (Engelhardt, J.) (citing *St. Paul Fire & Marine Ins. Co. v. Lupin*, 1994 WL 261935 (E.D. La. Jun. 3, 1994)); *GuideOne Nat'l Ins. Co. v. Bhav Harri, LLC*, 2017 WL 3942216, at *3 (N.D. Tex. Aug. 15, 2017); *Chevron U.S.A., Inc. v. Cureington*, 2011 WL 1085661, at *6 (W.D. La. Feb. 18, 2011). This suit was filed before any of the declaratory defendants sought relief on the same grounds in state court. Accordingly, mandatory abstention is not warranted and the court has already concluded under *Colorado River* that discretionary abstention is not available.

### D. Failure to Join Indispensable Parties

Finally, CERC argues that the matter should be dismissed under Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party (namely, the underlying tort plaintiffs). First, the court must determine if these individuals are required parties under Federal Rule of Civil Procedure 19(a). *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009). Under this rule, a party must be joined if (1) in their absence, the court cannot accord complete relief among the existing parties; (2) they claim an interest related to the action's subject matter, and thus disposing of the action may impede their ability to protect their interests; or (3) their absence would subject an existing party to a substantial risk of multiple liability or otherwise inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(A)–(B). Rule 19 applies to declaratory judgments, depriving a federal court of its ability to grant relief when an indispensable party is not joined. *Kimball v. Fla. Bar*, 537 F.2d 1305, 1307 (5th Cir. 1976).

CERC relies on *Ranger Insurance Co. v. United Housing of New Mexico, Inc.*, 488 F.2d 682 (5th Cir. 1974), where the Fifth Circuit held that absent plaintiffs who had already obtained a judgment against the insured were necessary parties in the declaratory judgment coverage dispute between the insured and its insurer. Since that time, however, the Fifth Circuit has distinguished *Ranger* from situations more analogous to the one presented here. In *Federal Insurance Company v. Singing River Health System*, 850 F.3d 187 (5th Cir. 2017), the court considered a declaratory action by an insurer against its insured. The insured moved to join the plaintiffs from the underlying lawsuit, arguing that they were indispensable parties under Rule 19(a). The court first distinguished *Ranger* by observing

that intervention by the underlying suit's plaintiffs in that matter would have destroyed diversity jurisdiction, whereas no such threat was posed by the proposed parties in *Singing River*. 850 F.3d at 201. It then held that the proposed parties in *Singing River* shared the insured's interest in maximizing coverage and were thus protected by the insured's "vigorous litigation in the coverage dispute." *Id.* It also noted that the plaintiffs in the underlying suit had not moved to intervene, and determined that it should not second-guess that decision absent special circumstances because the absent parties did "not deem [their] own interests substantially threatened by the litigation." *Id.* (quoting *United States v. San Juan Bay Marina*, 239 F.3d 400, 407 (1st Cir. 2001)).

The same situation applies here. The complaint establishes that VFIC and CIC are citizens of Illinois and Pennsylvania, while Magnolia is a citizen of Alabama and CERC is a citizen of Texas. Doc. 1, ¶¶ 11–14. VFIC and CIC maintain, and the court finds no reason to doubt, that plaintiffs in the underlying tort suits are diverse from all the other parties. Doc. 30, p. 17. These plaintiffs share an interest in maximizing coverage, but that interest is equally vital to the insureds (if not more so) and the insureds seem well prepared to litigate it. Finally, plaintiffs in the underlying suits have the opportunity to intervene in this matter and may still exercise it if they choose to. The court will not dismiss the suit based on their apparent preference to remain focused on the state court litigation.

## III.
### CONCLUSION

For the reasons stated above, the Motions to Dismiss and Motions to Stay [docs. 14, 19] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 14th day of April, 2025.

                                      **JAMES D. CAIN, JR.**
                            **UNITED STATES DISTRICT JUDGE**