UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**VALLEY FORGE INSURANCE CO ET AL**      **CASE NO. 6:25-CV-00167**

**VERSUS**                                                                  **JUDGE JAMES D. CAIN, JR.**

**MAGNOLIA RIVER SERVICES INC ET AL**      **MAGISTRATE JUDGE DAVID J. AYO**

MEMORANDUM RULING

Before the court is a Motion to Dismiss, or, only in the Alternative, Motion to Stay [doc. 65] filed by intervenor plaintiffs Gilbert Viator and Arilda Viator, and Anthony and Emily Zamora, personally and on behalf of their minor children S.Z. and A.Z. Plaintiffs Continental Insurance Company ("CIC") and Valley Forge Insurance Company ("VFIC") oppose the motions. Doc. 71.

**I.**
**BACKGROUND**

This declaratory action seeks to determine coverage obligations of VFIC and CIC in connection with five consolidated lawsuits arising from a fire and explosion that occurred on July 29, 2021. On that date, according to CERC, contractors including Magnolia were working on a pipeline project for CERC when gas leaked from a service pipe damaged by directional boring equipment and caused an explosion at a nearby building. Doc. 19, att. 1, pp. 4–5. Five groups of plaintiffs filed suit, alleging that the negligence of defendants (including CERC and Magnolia, among others) caused their

damages. *Id.*; *see* doc. 1, ¶ 19. Those suits are now consolidated and pending in the 16th Judicial District Court. *See* doc. 14, att. 3.

VFIC issued the VFIC CGL Policy to Magnolia for a one-year period beginning on April 1, 2021, with liability limits of $1,000,000 per occurrence. Doc. 1, ¶ 20. CIC issued the CIC Excess Policy to Magnolia River for the same period, with liability limits of $10,000,000 per incident over a retention amount of $10,000 for each claim. *Id.* at ¶ 21. For this period, Magnolia was also insured under an Architects and Engineers Professional Liability Policy issued by Evanston Insurance Company ("Evanston") with liability limits of $5,000,000 per claim and an Excess Professional Liability Policy issued by RSUI Insurance Company with liability limits of $5,000,000 per claim. *Id.* at ¶¶ 22–23.

In relation to the suits arising from the July 2021 explosion, Magnolia sought defense from both VFIC and Evanston. *Id.* at ¶ 22. Evanston retained counsel to represent Magnolia in the consolidated lawsuits. *Id.* at ¶ 24. VFIC and CIC issued a reservation of rights and VFIC agreed to participate in Magnolia's defense, subject to that reservation. *Id.* at ¶¶ 25–26. Meanwhile, CERC issued a demand to Magnolia and its insurers for defense and indemnity pursuant to CERC's contract with Magnolia. *Id.* at ¶ 27. VFIC and CIC then issued a reservation of rights to CERC and VFIC agreed to participate in its defense subject to that reservation. *Id.* at ¶¶ 28–29.

On January 27, 2025, plaintiffs in the state court suit filed an unopposed motion for leave to file a second amended and supplemental petition. Doc. 65, att. 4. There they named VFIC and CIC as defendants for the first time under the Louisiana Direct Action Statute. *Id.* VFIC and CIC filed this declaratory action on February 11, 2025, seeking declarations

that (1) insurance coverage for the claims asserted in the consolidated lawsuits is expressly excluded under the VFIC CGL Policy; (2) there is no coverage under the CIC Excess policy, which only affords coverage for losses covered by the VFIC CGL Policy; (3) CERC is not covered as an additional insured under either policy; and (4) the contractual obligations in the CERC contract requiring Magnolia to indemnify and procure liability insurance covering the acts and omissions of CERC are null, void, and unenforceable. VFIC and CIC also seek a money judgment reimbursing them for the disputed defense fees and costs they have rendered in association with the consolidated lawsuits. Doc. 1.

Magnolia and CERC then filed motions requesting that the court dismiss or stay the matter under the abstention doctrine set forth in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942). The court denied the motions on April 14, 2025, finding in relevant part that (1) the narrower abstention standard set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) applied; (2) the proceedings were not parallel because the state court suit did not encompass the insurers' claim for restitution; and (3) even if the proceedings were parallel, none of the *Colorado River* factors favored abstention. Doc. 35. At a scheduling conference held on June 9, 2025, this matter was set for bench trial before the undersigned on September 28, 2026. Docs. 54, 55.

In March 2025, shortly before this court's ruling on the motions to dismiss, Magnolia and CERC moved to file a cross-claim/third-party demand in order to seek declaratory relief against VFIC and CIC in state court. Doc. 65, att. 6. VFIC and CIC responded with an exception of *lis pendens*. Doc. 65, att. 8. The state court denied the

exception on September 2, 2025, and then set the matter for jury trial on April 6, 2026. Doc. 65, atts. 9–11.

Meanwhile, the above-named plaintiffs from the state court suit intervened in this matter. They now bring their own motion to dismiss or stay, admitting that *Colorado River*'s abstention doctrine controls but arguing that the court should reconsider the application of its factors. They also maintain that the proceedings are parallel because the insurers' restitution claim is a compulsory reconventional demand. Doc. 65. VFIC and CIC oppose the motions, asserting that nothing material has changed since the court's last ruling. Doc. 71. Accordingly, they argue that both the law of the case doctrine as well as the controlling precedent cited in the court's prior ruling require that the motions be denied.

## II.
## LAW & APPLICATION

### A. Law of the Case

VFIC and CIC first assert that the court should avoid reconsidering its prior ruling under the law of the case doctrine, while acknowledging that the court remains free to reconsider interlocutory orders under Federal Rule of Civil Procedure 54(b). The doctrine requires courts to "show deference to decisions already made in cases they are presiding over," but does not prevent reconsideration of prior rulings. *Matter of Aries Marine Corp.*, 2024 WL 4651335, at *3 (E.D. La. Nov. 1, 2024) (quoting *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 727 (5th Cir. 2012)). Given that intervenor plaintiffs did not have the opportunity to present their arguments on the court's

first pass at these issues, and that the state court has denied the *lis pendens* exception, the court will give due consideration to the motions.

### B. Abstention

Under the *Colorado River* doctrine, federal courts have a "virtually unflagging . . . obligation to exercise the jurisdiction given them." *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976). Thus, where there are concurrent state court proceedings, the federal court may abstain only "in 'extraordinary and narrow' circumstances[.]" *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999) (quoting *id.* at 813). The court must base its decision on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

The *Colorado River* doctrine has no application unless the state and federal proceedings are parallel—that is, involving the same parties and issues. *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 851 (5th Cir. 2009) (citing *RepublicBank Dallas, Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987)). If the proceedings are parallel, the court then looks to the following factors to determine if "exceptional circumstances" warrant justify abstention:

> 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 491–92 (5th Cir. 2006) (quoting *Kelly Inv.*, 315 F.3d at 497). These factors are not applied mechanically, but instead balanced on a case-by-case basis "with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* at 492 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

Plaintiffs maintain that the state and federal proceedings are not parallel because the insurers have only made a claim for reimbursement in the federal proceeding. "If a court abstains under *Colorado River*, it by implication 'concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" *Admiral Ins. Co. v. Fusion Pacific, Inc.*, 2022 WL 3574172, at *4 (C.D. Cal. Jul. 22, 2022) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28). The Fifth Circuit has held that federal and state proceedings are not parallel where, *inter alia*, the state proceedings do not encompass the insurer's claim for restitution brought along with its federal declaratory action. *Am. Guar. & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251–52 (5th Cir. 2005); *accord TDC Spec. Ins. Co. v. La. Healthcare Consultants, LLC*, 2023 WL 3092799, at *4 (E.D. La. Apr. 26, 2023). Thus, the court previously held that the actions are not parallel and the court "lack[s] discretion under *Colorado River* to stay [this case] in favor of the state suit." *Anco Insulations, Inc.*, 408 F.3d at 252.

Intervenors argue that reimbursement claim is encompassed because it must be determined in the state court matter as a compulsory reconventional demand under Louisiana Code of Civil Procedure 1061. *See Strenge v. ABC Ins. Co.*, 403 So.3d 95 (La. Ct. App. 3d Cir. 2024) (absent exceptional circumstances, reconventional demand for

damages would be subject to *res judicata* if not asserted in original action arising from same collision). The court acknowledges that this is the case, but plaintiffs are master of their complaint. These circumstances were surely also present in *Anco*, supra, a binding Fifth Circuit decision arising from the Middle District of Louisiana.[1] Moreover, courts must determine parallelism while remembering that "the exceptional nature of federal abstention cuts in favor of jurisdiction."[2] *Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 521 (5th Cir. 2017). Accordingly, the court still finds that the proceedings are not sufficiently parallel.

And even if they were, nothing in intervenors' motion would alter the court's determination under the other *Colorado River* factors. Plaintiff insurers first brought their coverage dispute to this court. *Cf. Brasseaux v. Moncla Marine Operations LLC*, 2022 WL 1050895, at *5 (W.D. La. Mar. 22, 2022) (internal quotations omitted) ("Judicial efficiency is not well served when litigants take their issues to state court, engage in lengthy motions

---

[1] Anco, which sought the stay of federal proceedings, had filed a third-party demand for declaratory relief in the related state court tort suit prior to the filing of the declaratory judgment actions by the insurers. *See Am. Guar. & Liab. Ins. Co. v. Anco Insulations, Inc.*, No. 3:02-cv-987 (M.D. La.), at doc. 71 (May 18, 2004). The federal district court stayed the declaratory judgment suits, even though it recognized that the federal proceedings were more encompassing and that the state court litigation would not resolve all issues, "based on concerns of fairness and efficiency[.]" *Id.* at p. 4. The Fifth Circuit reversed that decision, finding that the proceedings were not parallel under *Colorado River* because, in addition to insurer Royal Indemnity Company not being a party to the state suit, "the state action does not encompass Zurich's claim for restitution. The court thus lacked discretion under *Colorado River* to stay in favor of the state suit." 408 F.3d at 252.

[2] The involvement of extra parties and additional claims in the state court suit also weighs against a finding that they are parallel. "To determine whether the proceedings are sufficiently parallel to warrant a *Colorado River* analysis, courts 'look both to the named parties and to the substance of the claims asserted in each proceeding.'" *BITCO Gen. Ins. Corp. v. Dash Bldg. Material Ctr., Inc.*, 2019 WL 1254891, at *3 (E.D. La. Mar. 19, 2019) (quoting *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014)). Where the state court proceeding "is primarily a personal injury lawsuit," involving "additional defendants and issues not involved in the federal action," the suits are not sufficiently parallel. *Id.*; *see also U.S. Fire Ins. Co. v. Housing Auth. of New Orleans*, 917 F.Supp.2d 581, 589–90 (E.D. La. 2013) ("Certainly this case is a subset of the state court litigation . . . but the *Johnson* litigation has many additional plaintiffs and defendants, with many additional claims not presented to this Court."). The state court petition for damages reveals that this is the case here, with additional defendants (including the construction company that employed plaintiffs) and claims. *See* doc. 65, att. 3.

practice, participate in hearings, and then reassert their claims in a federal forum."). The court remains situated to dispose of the coverage issues, with a pending motion for partial summary judgment, and intervenors have shown nothing rising to the level of "exceptional circumstances" to deprive plaintiffs of their federal forum for this action. The fact that the state court has denied the *lis pendens* exception does now create the risk for piecemeal litigation. But "a plea of *res judicata* after the completion of one suit could eliminate the problem of inconsistent judgments." *Stewart*, 438 F.3d at 492. As such, one factor favoring abstention—based on events occurring after this court's jurisdiction attached—is insufficient for the court to reconsider its prior ruling. The motion will therefore be denied. Deadlines set under the court's prior scheduling order [doc. 56] remain in effect and the clerk will issue a notice of motion setting resetting briefing deadlines for plaintiffs' Motion for Partial Summary Judgment.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss and Motion to Stay [doc. 65] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 19th day of November, 2025.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE